Green, J,
delivered the opinion of the court.
The plaintiff in error insists, that the récord ought to show that a majority of the justices were present when the order to open the road was made; and that not being shown there is error.
It is true, that by the act of 1804, a majority of the justices of the county were required to be present at the making an order to open aroad; but by the act of 1817, c. 48, § 6, it is *269 provided that one third, or twelve justices, shall be sufficient to transact any kind of county business. This record shows that twelve justices were present when each of the orders in this case were made.
For the plaintiff in error, it is next insisted, that the record ought to show that the jury of view were sworn, and that as this does not appear to have been done, the whole proceeding is erroneous. In support of this objection, the case of Douglass vs. Rawlings, 4 Haywood’s Rep. 111, is cited. It is decided in that case, that it must appear in the proceedings that the jury were sworn, otherwise it will be error. How this is to be shown, is not stated; but from the statement of the case, in connection with the opinion of the court, it would seem the court thought the jury of view should state that fact in their report. By the act of 1813, c. 40, the sheriff or his deputy, is authorised to administer the necessary oaths to juries of view, and it would seem, that if it be held essential to the validity of the proceeding that this should appear of record to have been done, that the sheriff who performs the act, should report that the oath had been administered. But admitting that if this cause had come to the circuit court by writ of error, it would have been the duty of that court to have reversed the judgment of the county court, because it did not appear that the jury were sworn, still, it does not follow, that in this case there is any error in the circuit court judgment. By the act of 1827, c. 69, § 2, an appeal is allowed in all matters of controversy relative to the laying off, discontinuing, or establishing any public road or ferry, by the county court. Before that act, a writ of error, or a certiorari operating as a writ of error, was the only means of correcting the county court judgments on these subjects. Thus stood the law when the case of Douglass vs. Rawlings, was decided in 1817.. It is therefore no authority forthis case. Here a broad appeal upon the merits of the case, was prosecuted. Evidence was heard by the circuit court, and .the whole merits of the cause were examined. The report of the jury of view was altogether su-perceded by the appeal. The report was only intended to inform the county court of the facts, by which they might be enabled to act upon the subject. But on the trial in the circuit *270 court, other evidence was introduced, and the facts were fully-investigated by the introduction of witnesses in court. If the jury of view had been sworn, and their proceedings had been ever so regular, their report would have had no weight with the circuit court. Does it not follow, that any irregularity in their investigations can have no weight against the judgment of the circuit court. Suppose this had been a case • tried before a jury in the county court, and the record had not shown that the county court jury was sworn, but instead of a writ of error, a broad appeal had been taken to the circuit court, where the cause was regularly tried upon its merits; would it not be most clear, that upon a writ of error to this court, this error of the county court would not effect the judgment of the circuit court? How then can the failure to swear the jury of view in this case, have that effect? We think there is no error in the judgment of the circuit court, and order it to be affirmed.
Judgment affirmed.